IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
September 13, 2023 Session

## CHRISTINA N. LEWIS v. WALTER FLETCHER, ET AL.

**Appeal from the Circuit Court for Weakley County**
**No. 2015-CV-18     Clayburn Peeples, Judge**

_____

**No. W2022-00939-COA-R3-CV**
_____

This appeal arises out of an incident where the plaintiff fell off a staircase and sustained injuries. The plaintiff filed a complaint against the defendants, who owned the building, alleging negligence and negligence per se based on a violation of a building code. The defendants filed a motion for summary judgment. The trial court granted the motion for summary judgment and dismissed the plaintiff's complaint. The plaintiff appealed. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and ARNOLD B. GOLDIN, J., joined.

Charles L. Holliday, Jackson, Tennessee, for the appellant, Christina N. Lewis.

Albert G. McLean, Memphis, Tennessee, for the appellees, Walter Fletcher, James Shore, Susan Lowery, Anna Hopla, Tammy Hazlewood, individually and d/b/a Martin Primary Care Properties.

## OPINION

### I.     FACTS & PROCEDURAL HISTORY

In September 2014, Christina N. Lewis descended a set of stairs at the entrance of a building leased by her employer, CareAll HomeCare Services ("CareAll"), and fell from the stairway. The stairway had a railing on one side but not on the side where she fell. She allegedly sustained serious and permanent injuries from the fall and required surgery for those injuries. In September 2015, Ms. Lewis filed a complaint against Walter Fletcher, James Shore, Susan Lowery, Anna Hopla, and Tammy Hazlewood, individually and doing

business as Martin Primary Care Properties (collectively "MPCP"), the owners of the building and the property. Ms. Lewis alleged both common law negligence and negligence per se. In the complaint, she stated that the stairway did not conform to the "1998 edition" of the Standard Building Code, which she described as the construction code applicable statewide during the building's construction in 1993, and which required the stairway to be equipped with handrails on both sides. MPCP subsequently filed an answer admitting that it was the owner of the building but denying liability.

In October 2021, MPCP moved for summary judgment and dismissal of Ms. Lewis's complaint based on two grounds: (1) Tennessee's rule of non-liability of a landlord for injury to a tenant or the tenant's employee arising from a condition of the property of which the owner and tenant have co-extensive knowledge prior to the accident, and (2) comparative fault by Ms. Lewis that was at least 50% based on the undisputed facts. In support of its motion, MPCP submitted a memorandum of law, a statement of undisputed facts, and an affidavit of one of the defendants, Tammy Hazlewood. Ms. Hazlewood was the managing partner and custodian of the business records for the partnership. She stated that the building was constructed in 1993, and CareAll had been in sole possession of the property from December 1993 through the date of Ms. Lewis's fall. The building passed inspection by the City of Martin prior to CareAll's occupancy. MPCP had acquired the property from the original owner in 2008 and had entered into several lease agreements with CareAll. She further stated that at no time prior to the accident did the City of Martin or CareAll give MPCP notice that the stairway was not acceptable, constituted a dangerous condition, or violated any building code or regulation.

Ms. Lewis responded to the motion for summary judgment, clarifying that there was a typographical error in the complaint and that the complaint should have alleged a violation of the 1988 edition of the Standard Building Code instead of 1998. Ms. Lewis also submitted a response to the statement of undisputed facts and alleged additional material facts creating a genuine issue for trial. To support these facts, Ms. Lewis submitted a declaration from David Johnson, a professional engineer, stating that the lack of the handrail violated section 1112.5.3 of the 1988 Standard Building Code, which, he said, had been adopted by Tennessee and was in effect at the time of the building's construction. Mr. Johnson also declared that "[t]he Standard Building Code imposes various duties on property owners for the benefit of those who are invited onto their property."

In June 2022, the trial court entered an order granting MPCP's motion for summary judgment. The trial court found that the issue of comparative fault presented an issue of fact for a jury, but that MPCP was entitled to summary judgment based on the rule of non-liability of a landlord to its tenant or third parties when the landlord and tenant have co-extensive knowledge of the condition of the property, relying on *Lethcoe v. Holden*, 31 S.W.3d 254 (Tenn. Ct. App. 2000). The trial court certified its order as final pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure. Ms. Lewis subsequently appealed.

## II. ISSUES PRESENTED

Ms. Lewis presents the following issue for review on appeal, which we have slightly restated:

1. Whether the trial court erred in granting summary judgment on Ms. Lewis's negligence per se claim based on this Court's holding in *Lethcoe v. Holden*.

MPCP presents the following issues, which we have slightly restated:

1. Whether the trial court was correct in granting MPCP summary judgment based on the undisputed facts and the Tennessee rule of landlord non-liability to a tenant and its employee for injury from an alleged dangerous condition on the property in existence at the time of making the lease and of which the tenant, its employee, and the landlord had co-extensive knowledge prior to the injury;
   a. Whether an alleged construction code violation in 1993 by the builder of the commercial building in question in and of itself constitutes negligence per se in the absence of any statute, code, or ordinance pled or otherwise established in the record by Ms. Lewis that expressly imposes on MPCP any duty to correct such construction violation or to refrain from leasing the building;
   b. Whether Ms. Lewis's claim of negligence per se against MPCP constitutes an exception to the common law rule of non-liability of a landlord for an injury by a tenant's employee from a dangerous condition on the property when the tenant, its employee, and the landlord had co-extensive knowledge of the alleged dangerous condition prior to the employee's injury;
2. Whether the trial court erred in not granting MPCP summary judgment on the alternative ground that Ms. Lewis's fault was at least 50% based on the undisputed facts of this case that establish the open and obvious nature of the alleged dangerous conditions.

For the following reasons, we affirm the decision of the trial court.

## III. STANDARD OF REVIEW

A trial court's grant or denial of a motion for summary judgment is a matter of law, and therefore, on appeal, the standard of review is de novo without a presumption of correctness. *Allstate Prop. & Cas. Ins. Co. v. Sevier Cnty. Electric Sys.*, 666 S.W.3d 401, 411 (Tenn. Ct. App. 2022) (citing *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015); *Dick Broad. Co. of Tenn. v. Oak Ridge FM, Inc.*, 395 S.W.3d 653, 671 (Tenn. 2013)). This standard of review requires a fresh determination of

- 3 -

whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied. *Rye*, 395 S.W.3d at 250 (citing *Hughes v. New Life Dev. Corp.*, 387 S.W.3d 453, 471 (Tenn. 2012)). A trial court may grant summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. Further, when a party moving for summary judgment does not bear the burden of proof, "the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense." *TWB Architects, Inc. v. Braxton, LLC*, 578 S.W.3d 879, 887 (Tenn. 2019) (quoting *Rye*, 477 S.W.3d at 264).

## IV.    DISCUSSION

### A.  Summary Judgment

In premises liability cases involving a leased premises, this Court has stated, "[g]enerally, a landlord is not liable to a tenant or a third party for harm caused by a dangerous condition on the leased premises." *Lethcoe*, 31 S.W.3d at 256. This general rule of nonliability, however, is subject to several exceptions. *Id.*

> One exception applies if the following facts are shown: (1) the dangerous condition was in existence at the time the lease was executed; (2) the landlord knew or should have known of the dangerous condition; and (3) the tenant did not know of the condition, and could not have learned about it through the exercise of reasonable care.

*Id.* (internal citations omitted). Thus, "[a]s a natural corollary of this exception, when a landlord and a tenant have co-extensive knowledge of the dangerous condition, the landlord is not liable to the tenant, or the tenant's employees, for injuries sustained as a result of the dangerous condition."[1]  *Id.*

The trial court found that Ms. Lewis, CareAll, and MPCP all had co-extensive knowledge of the steps and the fact that there was only one handrail. Ms. Lewis does not dispute that there was co-extensive knowledge, and consequently, she does not raise any

---

[1] We have also noted three additional exceptions that the Tennessee Supreme Court has recognized: (1) when the landlord causes a dangerous condition by failure to make repairs or by negligence in performing repairs, (2) when there are dangerous conditions on portions of property over which the landlord has retained control, and (3) when there are dangerous conditions on property leased for purposes involving the admission of the public. *Denton v. Hahn*, No. M2003-00342-COA-R3-CV, 2004 WL 2083711, at *6 (Tenn. Ct. App. Sept. 16, 2004).

issue on appeal as to the trial court's grant of summary judgment on her common-law negligence claim. Instead, Ms. Lewis's central argument is that the co-extensive knowledge rule in *Lethcoe* does not apply to her negligence per se claim and that there is an exception to the rule of nonliability of a landlord to its tenant and third parties for negligence per se claims. Ms. Lewis primarily points to *Smith v. Owen*, 841 S.W.2d 828 (Tenn. Ct. App. 1992), for the proposition that a landlord may be liable to a tenant or third party for negligence per se. Ms. Lewis further argues that the General Assembly has decided to impose various duties on property owners through promulgation of building safety standards and has thus created an exception to the landlord non-liability rule for negligence per se claims based on violations of a building code.

In *Smith*, the parents of a child who received a severe electric shock from defects in the wiring of a home filed suit against their landlord based on negligence per se. *Smith*, 841 S.W.2d at 829. The trial court found the landlord liable, concluding that the injury resulted from a violation of the Standard Housing Code, which was adopted by the City of Cookeville and expressly prohibited the renting of a dwelling for living purposes without a prior inspection to determine that its condition met the standards of the code. *Id.* at 830. On appeal, the landlord argued that Tennessee courts have declined to find liability where a defendant has neither actual nor constructive knowledge of the violation and is not otherwise negligent. *Id.* at 831. We agreed that the landlord "did not have notice of the unsafe condition of the electrical outlet." *Id.* "However," we explained, "this is immaterial, because negligence *per se* liability turns on constructive notice of the *duty* imposed by the statute or ordinance, not of the non-complying condition itself." *Id.* Stated differently, negligence *per se* liability was not dependent on the landlord's actual or constructive notice of the non-complying condition itself. *Id.* We affirmed the trial court's judgment of liability on the basis of negligence per se because the landlord had constructive knowledge of the duty to inspect the premises as the housing code imposed a duty on a landlord not to lease a building until it complied with the requirements of the housing code. *Id.* at 833.

In *Denton v. Hahn*, this Court specifically discussed the four most common exceptions to the doctrine of caveat lessee, in addition to this Court's decision in *Smith v. Owen*:

> As a practical matter, the scope of the doctrine of caveat lessee, especially as it applies to residential leases, has been substantially narrowed by judicially recognized exceptions to the doctrine and by legislatively enacted limitations. The four most common of these exceptions have been recognized by the Tennessee Supreme Court. *The first exception involves dangerous conditions on the premises existing at the time of the lease when the landlord has actual or constructive notice of the condition and the tenant does not.* The second exception involves dangerous conditions caused either by the landlord's failure to make repairs it has a duty to make or the

landlord's negligence in performing repairs, regardless of whether it had a duty to make the repairs. The third exception involves the dangerous conditions on portions of property over which the landlord has retained control. The fourth exception involves dangerous conditions on property leased for purposes involving the admission of the public.

*In addition to these exceptions*, state and local legislative bodies have shifted liability for dangerous conditions on leased property from the tenant to the landlord. *This court has imposed liability on a landlord for a dangerous condition existing when a lease was signed based on a city housing ordinance that imposed on landlords a duty not to lease a dwelling until the dwelling complied with the requirements of the housing code. Smith v. Owen, 841 S.W.2d 828, 831 (Tenn. Ct. App. 1992)*. Likewise, the Tennessee General Assembly has imposed on landlords in Davidson County and other parts of the state, the obligations to comply with the requirements of the building and housing codes affecting health and safety, to make all repairs necessary to put and keep the premises in fit and habitable condition, and to keep all common areas of the premises in a clean and safe condition. Tenn. Code Ann. § 66-28-304(a)(1)-(3) (1993).

Despite these legislative and *judicial inroads into the caveat lessee doctrine*, property owners are not liable for all dangerous conditions on leased property. They are not, for example, liable for dangerous conditions caused or created by a tenant on the portion of the premises under the tenant's exclusive control. Likewise, they are not liable for injuries caused by dangerous conditions on portions of the premises over which they retain control when they did not have actual or constructive notice of the condition within sufficient time to repair the condition or to provide warnings of the condition to others. *Basily v. Rain, Inc.*, 29 S.W.3d 879, 883-84 (Tenn. Ct. App. 2000).

*Denton v. Hahn*, No. M2003-00342-COA-R3-CV, 2004 WL 2083711, at *6 (Tenn. Ct. App. Sept. 16, 2004) (emphasis added). Thus, the *Denton* Court appears to recognize *Smith v. Owen* as a more limited "judicial inroad" into the caveat lessee doctrine.

The holding of *Smith v. Owen* has also been narrowly applied. This Court provided a particularly instructive discussion of it in *Pittenger v. Ruby Tuesday, Inc.*, No. M2006-00266-COA-R3-CV, 2007 WL 935713, at *2-5 (Tenn. Ct. App. Mar. 28, 2007). In that case, plaintiffs filed a negligence per se action against a restaurant for injuries the patron received to his ankle while attempting to open the restaurant door for his wife. *Id.* at *1. They cited alleged violations of the applicable building code. *Id.* The trial court found the doctrine of negligence per se was inapplicable because the building code imposed a duty on the builder of the premises not the occupant. *Id.* On appeal, we considered whether the

trial court erred in finding that "the building code did not impose an obligation on Defendant and thus the doctrine of negligence *per se* was inapplicable." *Id.* at *4. The defendant argued that there was no authority stating that lessees or occupants of a commercial building were legally responsible for the restrictions contained in the building code. *Id.* We recognized that "Tennessee courts have applied the doctrine of negligence per se in limited situations involving violations of the building code," and we cited *Smith v. Owen* as one example. *Id.* However, we noted that in such cases, "the building code placed an express restriction *on defendant or defendant's particular use of a building.*" *Id.* at *5. (emphasis added). In the *Pittinger* case, there was no such "express restriction" on the defendant or the defendant's use. *Id.* The plaintiff failed to show that the provisions of the Code that the defendant allegedly violated expressly applied to the defendant as a lessee or occupant of a commercial building. *Id.* Moreover, the plaintiffs "failed to point the Court to any authority which states that lessees or occupants of a commercial building are legally responsible *in general* for the obligations contained in the building code." *Id.* Instead, it appeared to this Court that "if the building code were applicable, the provisions would impose a general duty on the builder of the restaurant instead of the occupant of the premises." *Id.* In sum, because the plaintiffs failed to establish that the defendant violated a statutory duty, the trial court properly dismissed their negligence per se claim. *Id.* The same is true here. Ms. Lewis simply cited a section of a building code without establishing that it imposed a duty on MPCP. *See also Chase, Jr. v. Physiotherapy Assocs., Inc.*, No. 02A01-9607-CV-00171, 1997 WL 572935, at *3-5 (Tenn. Ct. App. Sept. 5, 1997) ("Chase relies on *Smith v. Owen*, 841 S.W.2d 828 (Tenn.App.1992), in which the defendant's liability was predicated on negligence per se because the building code adopted by the City of Cookeville expressly prohibited the renting of a dwelling for living purposes without a prior inspection to ascertain that its condition met certain standards specified in that code. . . . In the instant case, the complaint does not set forth a provision similar to the provision in *Smith*.")

Here, Ms. Lewis does not point to any similar building code provision that imposes a duty on a subsequent owner of a commercial building to inspect the building and bring it in compliance with the code before leasing it to a tenant. Rather, she alleges a violation of section 1112.5.3 of the 1988 Standard Building Code, which simply states that "[s]tairways 44 inches wide or greater shall be equipped with handrails at least on both sides."[2] Therefore, we do not conclude that our holding in *Smith* entitles Ms. Lewis to relief here.

---

[2] We note that, on appeal, Ms. Lewis cites Tennessee Code Annotated section 68-120-102(a), which provides that it is unlawful to "[m]aintain, occupy, or use a building or structure or part of any building or structure that has been erected or altered in violation of any rule duly promulgated as provided in this chapter." However, Ms. Lewis did not cite to this statute in the trial court. Therefore, she has waived this argument based on this statute. *See Tidwell v. Burkes*, No. M2015-01270-COA-R3-CV, 2016 WL 3771553, at *8 (Tenn. Ct. App. July 8, 2016) ("Any issue not raised in the trial court is considered waived in the appellate court.") (quoting *King v. Sevier Cnty. Election Comm'n*, 282 S.W.3d 37, 41 (Tenn. Ct. App. 2008)).

Having rejected Ms. Lewis's argument on appeal that she was entitled to relief pursuant to our holding in *Smith*, we affirm the trial court's order granting MPCP's motion for summary judgment. Because we are affirming the trial court's order, MPCP's second issue is pretermitted.

## V.     CONCLUSION

For the aforementioned reasons, we affirm the decision of the trial court. Costs of this appeal are taxed to the appellant, Christina N. Lewis, for which execution may issue if necessary.

_____
CARMA DENNIS MCGEE, JUDGE